CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Hannah A. Bogen (Bar No. 324294)
(E-Mail: hannah_bogen@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
DAVYD GEORGE BRAND

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVYD GEORGE BRAND, <br><br> Defendant. | Case No. 8:23-cr-00069-FMO <br><br> **DEFENDANT'S MOTION TO DISMISS FOR POST-INDICTMENT DELAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVYD GEORGE BRAND; DECLARATION OF HANNAH A. BOGEN** <br><br> **Hearing Date:** September 18, 2025 <br> **Hearing Time:** 2:00 P.M. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2025 at 2:00 PM, or as soon thereafter as the matter may be heard, before the Honorable Fernando M. Olguin, United States District Judge, defendant DAVYD GEORGE BRAND will move the Court to dismiss the indictment for unreasonable pre and post-indictment delay, pursuant to Federal Rules of Criminal Procedure 12 and 48 and the Fifth and Sixth Amendments to the United States Constitution. Mr. Brand hereby moves for an order

1

dismissing the Indictment in this case with prejudice. He requests a hearing on this matter.

This motion is based on the attached memorandum of points and authorities, the declarations of Hannah A. Bogen and Davyd George Brand, the files and records in this case, and any additional evidence or argument that may be presented to the Court at or before the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  August 5, 2025          By  _/s/ Hannah A. Bogen_
                                    HANNAH A. BOGEN
                                    Deputy Federal Public Defender
                                    Attorney for DAVYD GEORGE BRAND

2

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. FACTS ................................................................................................................1

III. LEGAL STANDARDS ......................................................................................2

    A.    Pre-Indictment Delay ..............................................................................2

    B.    Post-Indictment Delay ............................................................................4

IV. ANALYSIS..........................................................................................................4

    A.    Pre-Indictment Delay ..............................................................................4

        1.    Mr. Brand Has Suffered Actual Prejudice By The Government's Pre-Indictment Delay. ........................................................................5

        2.    There is No Justification for the Delay that Outweighs the Substantial Prejudice to Mr. Brand and the Delay Offends Fundamental Conceptions of Justice .................................................6

    B.    Post-Indictment Delay............................................................................7

        1.    The Delay Is Already Over Two Times the Threshold for Presuming Prejudice. .....................................................................8

        2.    The Government's Negligence Caused the Delayed Initial Appearance. .............................................................................9

        3.    Mr. Brand  Has Asserted His Right to a Speedy Trial. ..................10

        4.    The Government Cannot Overcome the Presumption that Mr. Brand Has Suffered Prejudice. ........................................................11

V. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*U.S. v. Mendoza*,
530 F.3d 758 (2008)...............................................................................4, 11

*Barker v. Wingo*,
407 U.S. 514 (1972)..................................................................*passim*

*Doggett v. U.S.*,
505 U.S. 647 (1992)...........................................................4, 8, 9, 11

*McNeely v. Blanas*,
336 F.3d 822 (9th Cir. 2003) ...........................................................8, 12

*Smith v. Hooey*,
393 U.S. 374 (1969)..................................................................9, 12

*United States v. Alexander*,
817 F.3d 1178 (9th Cir. 2016) ...........................................................9

*United States v. Barket*,
530 F.2d 189 (8th Cir. 1976) ...........................................................3

*United States v. Brown*,
169 F.3d 344 (6th Cir. 1999) ...........................................................9

*United States v. Corona-Verbera*,
509 F.3d 1105 (9th Cir. 2007) ...........................................................2, 3, 4

*United States v. Glist*,
594 F.2d 1374 (10th Cir. 1979) ...........................................................3

*United States v. Gregory*,
322 F.3d 1157 (9th Cir. 2003(emphasis added))...........................................................11

*United States v. Gross*,
165 F.Supp.2d 372 (E.D.N.Y. 2001)...........................................................3

*United States v. Guido*
(2:24-cr-00555-ODW, ECF 29) ...........................................................4

*United States v. Huntley*,
976 F.2d 1287 (9th Cir. 1992)...........................................................2

ii

# TABLE OF AUTHORITIES

**Page(s)**

*United States v. Ingram*,
  446 F.3d 1332 (11th Cir. 2006) ................................................................................8

*United States v. Mays*,
  549 F.2d 678 (9th Cir. 1977) ...............................................................................6, 7

*United States v. Mendoza*,
  530 F.3d 758 (2008) ...........................................................................................4, 11

*United States v. Moran*,
  759 F.2d 777 (9th Cir. 1985) ....................................................................................6

*United States v. Ross*,
  123 F.3d 1181 (9th Cir. 1997) ...............................................................................3, 6

*United States v. Sabath*,
  990 F.Supp. 1007 (N.D. Ill. 1998) ............................................................................3

*United States v. Sherlock*,
  962 F.2d 1349 (9th Cir. 1989) ..................................................................................2

*United States v. Sowa*,
  34 F.3d 447 (7th Cir. 1994) .......................................................................................3

*United States v. Velazquez*,
  749 F.3d 161 (3d Cir. 2014) ...................................................................5, 10, 11, 12

**Federal Statutes**

First Step Act .................................................................................................................12

**Federal Constitution**

U.S. Const. Amend. V .................................................................................................1, 2

U.S. Const. Amend. VI ........................................................................................1, 4, 5, 8

**Federal Rules**

Fed. R. Civil P. 48(b) ......................................................................................................4

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. INTRODUCTION

Mr. Brand has been on the federal government's radar for well over six years. He was under investigation and subsequently charged with criminal conduct in a separate case out of the Southern District of California more than four years ago on May 23, 2021. His alleged criminal activity in that case spanned from September 3, 2020 and continued through May 12, 2021.

The allegations here start in April 29, 2019 and continue through May 2023 - overlapping with his original case by almost nine months. The financial losses specific to each victim end in May 2022.

Despite having access to Mr. Brand for many years prior, the government did not file the instant indictment against him until May 24, 2023.

Then, for over two years after filing the indictment, the government failed to secure Mr. Brand 's appearance—even after he was in federal custody for the majority of that time.[1] He was not arraigned until May 27, 2025. This more than 24-month-delay (and counting) violated Mr. Brand's rights under the Fifth and Sixth Amendments.

For the reasons detailed below, the Court should dismiss Mr. Brand's case with prejudice on the grounds of pre and post-indictment delay.

### II. FACTS

On or around May 13, 2021, Mr. Brand was charged via criminal complaint with conspiracy to distribute cocaine. (Case no. 3:21-cr-1745-BAS, ECF 1.) His alleged criminal activity, conspiracy to distribute cocaine, spanned from September 3, 2020 and continued through May 12, 2021. (*Id.*) He pled guilty and was sentenced on April 29,

---

[1] On August 25, 2023, Mr. Brand was detained pending sentencing on his original case. He was sentenced in April 29, 2024, over a year before he was arraigned in this case.

2024.  (Case no. 3:21-cr-1745-BAS, ECF nos. 38 (plea agreement), 71 (judgment and commitment order).)

The conduct alleged in this case follows a similar timeline.  Mr. Brand is charged with various federal offenses including impersonating a federal officer, wire fraud, mail fraud, use of fraudulent seals of United States agencies and departments, possession of fraudulent seals, wrongful use of documents bearing fraudulent government seals, misuse of a passport, and aggravated identity theft.  (ECF 1.)  His actions allegedly spanned from April 29, 2019 through May 2023 - overlapping with the conduct in his original case for almost nine months.

Mr. Brand was under investigation and on the government's radar for at least four years before he was charged in this case.  (See Declaration of Davyd George Brand ("Brand Decl.").)  He was in federal custody and regularly appearing in federal court for much longer before he was arraigned in this case, and before he even knew about it.  (*See* case no. 3:21-cr-1745-BAS, Mr. Brand detained on August 25, 2023.)

For the reasons detailed below, Mr. Brand's case should be dismissed because the pre and post-indictment delays violated his constitutional rights.

### III. LEGAL STANDARDS

**A.    Pre-Indictment Delay**

The Due Process Clause of the Fifth Amendment protects a defendant against prejudice created by the government's excessive delay in presenting a charge. *See United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989).  While the statute of limitations also protects against unwarranted delay in criminal prosecutions, the statute of limitations does not fully define a defendant's pre-indictment rights. *See United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992).  Due process demands that an indictment be dismissed—even if it is filed within the statute of limitations—where a defendant can demonstrate (1) "actual, non-speculative prejudice from the delay," and (2) that when weighing the length of the delay against the reasons for it, the delay "offends those fundamental conceptions of justice." *United*

2

*States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quotation marks omitted). A defendant can demonstrate actual prejudice by proof that the delay "meaningfully has impaired his ability to defend himself[.]" *See id.* Indeed, courts have routinely found actual prejudice based on pre-indictment delay in cases where important documentary evidence has been destroyed or where the delay impaired the memories of key fact witnesses. *See, e.g., United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994) (upholding district court's finding of actual prejudice where defendant's substance abuse between crime and trial impaired his memory of events at issue during offense); *United States v. Glist*, 594 F.2d 1374, 1377-78 (10th Cir. 1979) (holding actual prejudice where witnesses had poor recollection of events, government files scattered among several offices, and case agent no longer available); *United States v. Barket*, 530 F.2d 189, 193 (8th Cir. 1976) (establishing actual prejudice where material witnesses had died and other witnesses had "extreme and understandable difficulty remembering" relevant facts); *United States v. Gross*, 165 F.Supp.2d 372, 380-83 (E.D.N.Y. 2001) (establishing actual prejudice where documentary evidence had been lost and witnesses with "long-term knowledge" of history of case had died); *United States v. Sabath*, 990 F.Supp. 1007, 1009-10 (N.D. Ill. 1998) (government's delay in bringing arson and mail fraud charges caused "severe, substantial and actual prejudice" where memory of another key fact witness had "faded considerably" and government had lost physical evidence). Critically, the length of the delay is weighed against the government's justification for the delay. *See United States v. Ross*, 123 F.3d 1181, 1185 (9th Cir. 1997). Notably, the Ninth Circuit has held that a defendant is not required to show that the government acted in bad faith; rather, "[i]f mere negligent conduct by the prosecutors is asserted, then obviously the delay and/or prejudice suffered by the defendant will have to be greater." *See id.* (quoting *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985)).

**B.      Post-Indictment Delay**

The Sixth Amendment guarantees the accused a right to a speedy trial.[2]  Courts analyze whether a defendant's right to a speedy trial is violated using four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of [the] right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. U.S.,* 505 U.S. 647, 651-52 (1992) (citing *Barker,* 407 U.S. at 530-31).  These factors are balanced against one another "with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution*." U.S. v. Mendoza*, 530 F.3d 758,  762 (2008) ("None of these four factors are either necessary or sufficient, individually, to support a finding that a defendant's speed trial right has been violated.").  And if the accused meets the threshold first factor and the second and third factors weigh heavily against the government, courts do not require the accused to prove actual prejudice (the final factor). *See Doggett*, 505 U.S. at 655-58.

**IV. ANALYSIS**

**A.      Pre-Indictment Delay**

The Court should dismiss the indictment against Mr. Brand because he suffered (1) "actual, non-speculative prejudice from the delay," and (2) that when weighing the length of the delay against the reasons ([or in this case, lack of reasons]) for it, the delay "offends those fundamental conceptions of justice."  *Corona-Verbera*, 509 F.3d at 112.  Very recently, a court in this District dismissed an indictment in which the government waited almost five years before indicting without any sufficient basis for the delay.  (*See USA v. Octavio Guido*, case no. 2:24-cr-00555-ODW, ECF 29 (alleged offense occurred on January 23, 2020 and indictment was not issued until almost five

---

[2] Federal Rule of Civil Procedure 48(b) permits a court to dismiss an indictment when there is unnecessary delay in "bringing a defendant to trial."  Fed. R. Crim. P. 48(b)(3).

4

years later on September 18, 2025.)  Here, for similar reasons detailed below, the Court should dismiss this case based on pre-indictment delay.

### 1.    Mr. Brand Has Suffered Actual Prejudice By The Government's Pre-Indictment Delay.

The government's pre-indictment delay has significantly undermined Mr. Brand's ability to defend himself both in pretrial litigation and at trial.  There can be no doubt that the delay has caused evidence to be destroyed, and the witnesses' memory of events to fade.[3]  (*See* Brand Decl. (detailing how his memory has been affected by passage of time, and his illnesses including COVID-19 and testicular cancer); *See* Declaration of Hannah A. Bogen ("Bogen Decl.") (detailing how, in light of the passage of time and change in the presidential administration, many witnesses in this case will likely have forgotten important information, be reluctant to speak to strangers in light of risk of deportation, or already be deported by the time contact is attempted or by the trial date).)  The government's case against Mr. Brand comes down to proving beyond a reasonable doubt that he made false representations to various victims in exchange for money.  (*See* ECF 1 (detailing victims, representations made, money obtained).)  In order to prove its case, it will likely need testimony from those victims, the same victims that Mr. Brand is entitled to cross examine, evidence of correspondence between Mr. Brand and the victims (if any), and any video or audio footage of the alleged conduct.  U.S. Const. Amend. VI.

To receive a fair trial, Mr. Brand would need to be able to contact each witness, interview them, thoroughly investigate their claims, and cross examine them at trial. However, it is highly likely that many of these witnesses have either (1) been deported or placed in ICE custody, (2) relocated, and/or (3) forgotten important details about

---

[3] Notably, faded and diminished memories are the exact type of harm that are difficult for a defendant to substantiate.  *United States v. Velazquez*, 749 F.3d 161, 185 (3d Cir. 2014) ("Forecasting how faded memories could harm is precisely the sort of difficult-to-obtain proof that supports the finding of general prejudice in a case of extraordinary delay.").

their alleged interactions with Mr. Brand, which allegedly began six years ago.  (*See* ECF 1; *See* Bogen Decl.; *Id.* Exs. A, B (detailing increased ICE enforcement efforts and likely outcome with respect to witnesses in this case.)  Years after any of the alleged interactions in person, surveillance footage capturing them has also likely been destroyed.  Six years since the first allegations in the indictment and at least two years since the last, facing lost witnesses, destroyed footage, and impaired memory, Mr. Brand is left without the resources to defend himself against the allegations in the case, in violation of his constitutional rights.  Without access to this evidence and an impaired memory of his own, he is denied a complete defense, and complete access to the evidence and witnesses against him.  He cannot adequately investigate his alleged victims and explore their claims, preventing him from disputing them at trial.  In addition, if convicted, Mr. Brand has lost any potential benefit of a global resolution of both cases.  (*See* Brand Decl.)  If convicted on this new, late, case, he could die in custody without ever seeing his family on the outside.  (*Id.*)  Accordingly, Mr. Brand has suffered concrete, non-speculative prejudice due to the government's pre-indictment delay that offends those fundamental conceptions of justice.

**2.      There is No Justification for the Delay that Outweighs the Substantial Prejudice to Mr. Brand and the Delay Offends Fundamental Conceptions of Justice.**

Because Mr. Brand has proven prejudice, the government must provide an explanation for its lengthy delay in bringing charges. *See United States v. Mays*, 549 F.2d 670, 678 (9th Cir. 1977).  The Ninth Circuit does not require a showing of bad faith on behalf of the government.  *See Ross*, 123 F.3d at 1185.  Rather, this Court must balance the reasons for the delay against the prejudice to the defense.  *See id.* "[D]elays caused by negligent conduct on the part of the government would be considered in the balancing because the ultimate responsibility for such circumstances rest with the government rather than the defendant." *Moran*, 759 F.2d at 781, citing *Mays*, 549 F.2d at 678.  In *Mays*, the Ninth Circuit found that the delay was "clearly

negligent" because the offenses were allegedly committed in 1969 but were not brought until 1974. *Mays*, 549 F.2d at 678-79 (reversed and remanded without prejudice for determination on actual prejudice).  In that five-year period, the United States Attorney's Office did not actively pursue the matter from 1970 to 1973, and then in 1973, it spent 473 hours of investigation and presented the case to the grand jury. *Id.* at 673-74.  Even though the actions were negligent, not intentional, the lower court still dismissed the matter on the basis of the delay. (*Id.*)  There is no indication that the government spent close to 473 hours investigating Mr. Brand's case in 2023, and there is certainly no evidence that they actively pursued the matter beforehand.  Even if there was a purportedly legitimate need for some delay or even if some delay occurred negligently, it is difficult to imagine any possible justification for taking four years from the first alleged harm to prosecute this case.  (ECF 1 at 1, alleging first harm done in April 2019.).)  Any explanations the government could offer for its delays cannot justify depriving Mr. Brand—who has suffered losses directly attributable to the government and through no fault of his own—of his due process rights to investigate and present his defense.  The lack of justification is even more pronounced in this case than in others because the government *had* significant access to Mr. Brand for many years while waiting to secure the indictment.  Their investigation likely ran parallel to the investigation underlying his case in the Southern District of California.  Yet, despite the resources and ability to do so, they did not indict him for several years after his conduct allegedly began.  This case therefore falls into the admittedly rare category of cases where the government's unexplained and unjustified pre-indictment delay has so prejudiced Mr. Brand that a fair trial is impossible.  Due process and fundamental concepts of justice demand that the case be dismissed with prejudice.

**B.    Post-Indictment Delay**

Courts analyze whether a defendant's right to a speedy trial is violated using four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of [the] right, and prejudice to the defendant." *Barker*, 407 U.S. at 530.

**1.      The Delay Is Already Over Two Times the Threshold for Presuming Prejudice.**

The first factor—the length of the delay—is "actually a double enquiry." *Doggett*, 505 U.S. at 651.  To trigger a speedy trial analysis, the post-accusation delay must be "presumptively prejudicial" by lapsing at least one year between the indictment and trial.  *Id.* at 652 n.1.  It is well-established that a two-year delay both meets the threshold requirement to trigger a Sixth Amendment enquiry and is presumptively prejudicial.  *See Doggett* at 651; *McNeely v. Blanas*, 336 F.3d 822, 831 (9th Cir. 2003) (dismissing after a 29-month delay); *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006) (similar for a two-year delay).

Additionally, the delay in this case is due solely to the government's negligence.  *See Doggett*, 505 U.S. at 657 ("[Negligence] still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun.").  The record is devoid of any actions the government took to ensure it timely brought Mr. Brand to court to answer this indictment, even though the government was well aware that he was present in the United States as early as 2021, including almost two years when he was *in federal custody*.  (*See* Case No. 3:21-cr-01745-BAS, ECF nos. 59, 71 (detaining Mr. Brand on August 25, 2023, sentencing him on April 30, 2024.).)  Because over two years passed between the indictment and Mr. Brand 's initial appearance, he meets that threshold question.  Next, the Court must consider the length of delay as one of four *Baker* factors and "the presumption that pretrial delay has prejudiced the accused intensifies over time."  *Id.* at 652.

Here, this case is not even at the trial stage, and the government has already more than doubled the threshold for presuming prejudice.  A grand jury indicted Mr. Brand in late May 2023.  (ECF 1.)  However, the government failed to have him arrested and brought to court for over two years.  (ECF 7.)  Mr. Brand's time spent in federal custody does not shorten that timeline, nor does it excuse the government's inaction for over another year while he languished there, because nothing about Mr. Brand 's

incarceration prevented the government from bringing him to federal court for this case. In fact, as will be discussed below, the time spent in custody compounds the prejudice Mr. Brand suffered because the government knew exactly where Mr. Brand was and did nothing to bring him to court to permit an opportunity for him to serve that year as a concurrent sentence on the instant matter, should incarceration be imposed. *See Smith*, 393 U.S. at 378.

Accordingly, the more than two-year delay in this case meets the threshold question, is presumptively prejudicial, and should weigh in Mr. Brand 's favor to grant this motion.

### 2.    The Government's Negligence Caused the Delayed Initial Appearance.

The second factor—the reason for the delay— is "the focal inquiry." *United States v. Alexander*, 817 F.3d 1178, 1182 (9th Cir. 2016) (citation omitted). "Prejudice may be presumed" if the government's actions contributing to the delay are negligent or intentional. *Id.* The Supreme Court has explained that negligence "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett*, 505 U.S. at 657. To be sure, "[a] defendant has no duty to bring himself to trial; the [government] has that duty," *Barker*, 407 U.S. at 527, and thus, "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Brown,* 169 F.3d 344, 349 (6th Cir. 1999) (citation and internal quotation marks omitted)).

The delay in this case is directly related to the government's failure to transfer Mr. Brand for years. There is no proof that the government took any steps to bring Mr. Brand to federal court for years, even though they could have. The Government has not explained why, after indicting Mr. Brand in May of 2023, after he was placed in custody only two months later in August 2023 (Brand Decl. ¶ 3), and after he was sentenced in April of 2024 (*Id.* ¶¶ 4-5), it nevertheless failed to transfer him for *over two more years* before he initially appeared in this case. This is especially true where

9

counsel for the government in Mr. Brand's original case acknowledged the existence of this case at his sentencing.  (*See* Brand Decl.)  There can be no question that counsel for the government in both jurisdictions knew where Mr. Brand was for years, and yet failed to bring him to court for his initial appearance.

There is no justification for the delay in transferring Mr. Brand for his initial appearance. The government was negligent, and this factor weighs heavily in Mr. Brand's favor.

### 3.     Mr. Brand  Has Asserted His Right to a Speedy Trial.

"[W]hile the defendant bears 'some responsibility to assert a speedy trial claim,' the prosecution retains the burden to show the knowing and voluntary waiver of a fundamental right." *United States v. Velazquez*, 749 F.3d 161, 182 (3rd Cir. 2014), (citing *Barker*, 407 U.S. at 529).  "Courts should indulge every reasonable presumption against waiver. . . [and] not presume acquiescence in the loss of fundamental rights." *Barker*, 407 U.S. at 525-26.

Here, Mr. Brand  has steadfastly asserted his right to a speedy trial.  (ECF 15.) He requested just one short adjournment so that he and his counsel could review discovery, attempt to locate witnesses, and pursue the instant motion.  (ECF 16.)  He stated explicitly in his request for a continuance that he did not waive any speedy trial rights, and the government stipulated that it would not use the most recent request for a continuance as grounds to assert any form of waiver. (ECF 16 ¶ 7 ("Counsel for the government and for Mr. Brand agree that the government will not use the instant stipulation as a basis for  arguing that Mr. Brand waived or failed to assert his Speedy Trial rights, particularly in opposition to any motion to dismiss for pre or post-indictment delay."); *Id.* at pp. 6-7 (declarations from Mr. Brand and counsel asserting same.)  Mr. Brand appeared in this matter on May 27, 2025.  (ECF 15.)  The parties' one request for a continuance in no way undermines the assertion of the speedy trial right, or the presumption of prejudice that applies here.  In the seminal case, *Barker*, the defense never objected to any of the "first 11 continuances." *Barker* at 517.  Despite

this, the Supreme Court still considered *Barker* a "close" case on the issue of whether the accused's speedy trial rights were violated. *Id.* at 533. Similarly, in *Velazquez*, the accused "brought his speedy-trial motion within four months of his arrest, and thus [the Court counted] this factor," *i.e.*, the assertion of his speedy trial rights, "in [defendant's] favor." *Id.* at 185. In the instant case, Mr. Brand has brought this Motion within approximately two months of his initial appearance, so this factor continues to weigh in his favor.

### 4.     The Government Cannot Overcome the Presumption that Mr. Brand Has Suffered Prejudice.

"Negligence over a sufficiently long period can establish a general presumption that the defendant's ability to present a defense is impaired, meaning that a defendant can prevail on his claim despite not having shown specific prejudice." *Velazquez*, 749 F.3d at 175; *Doggett*, 505 U.S. at 658 (finding a speedy trial violation based on general prejudice where government's negligence led to a six-year delay). "This general presumption may be rebutted, but it is difficult to do so. The prosecution is essentially put to the test of proving a negative – the absence of any prejudice to a defense from a passage of years." *Velazquez*, 749 F.3d at 175. Because the government's delay in this case is great, prejudice is presumed, and Mr. Brand need not prove prejudice any further. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'prejudicial delay' . . . . *Doggett*, 505 U.S. at 652. "Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003(emphasis added)); *see also Mendoza*, 530 F.3d at 762-764 (applying *Gregory*, "Generally, a delay of more than one year is presumptively prejudicial…[N]o showing of prejudice is required when the delay is great and attributable to the Government"). *Id.* at 764. Even so, Mr. Brand has been subject to oppressive pre-trial incarceration because the delay had diminished his opportunity to serve concurrent sentences. *See*

11

*Smith v. Hooey*, 393 U.S. 374, 378 (1969) ("[T]he possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed.").  In addition, he suffers from the inability to participate in programming to obtain an earlier release date pursuant to the First Step Act while he is in pretrial custody on this matter, impaired memory due to his prior illnesses and the passage of time, inadequate medical care in pretrial detention while he awaits trial in this case, mental anguish based on the prospect of potentially dying in prison, and the inability to access and cross examine all witnesses against him.  (*See* Brand Decl.; *See* Bogen Decl.)  Specifically, the delay has impaired the defense's ability to investigate the allegations, defenses to it, locate and cross examine witnesses, and obtain mitigation evidence.  (*See* Bogen Decl.)  The delay has caused Mr. Brand 's and other witnesses' memories of events to fade, if he is even able to locate those witnesses.  *Id.*; *Velazquez*, 749 F.3d at 185 ("Forecasting how faded memories could harm is precisely the sort of difficult-to-obtain proof that supports the finding of general prejudice in a case of extraordinary delay."); (*See* Brand Decl.; *See* Bogen Decl. (detailing risk of missing witnesses in light of increase in ICE arrests).)  Because the government waited until after he was sentenced on a separate matter and served over a year in federal custody to bring him in to face these charges, Mr. Brand also now likely has a higher criminal history score than he would have had the government timely proceeded against him in 2020, which would expose him to more time in custody if convicted on the allegations.  (*Id.*)  Furthermore, because of the delay, he has lost the ability to have a completely concurrent sentence that starts from when he was first arrested in the other federal proceeding.  (*Id.*)  Aside from administrative prejudice and constitutional violations, Mr. Brand also suffers physical and mental anguish.  (*Id.*)  He is not receiving adequate, routine medical care while he is in pretrial custody, as opposed to by his medical team at Terminal Island, and he lives daily with the emotional burden and anxiety caused by the thought of spending the rest of his life in prison if he is convicted.  (*Id.*)  Had these cases been consolidated in

12

time, Mr. Brand would not be in the position he is in now. The prejudice resulting from the government's over two year delay is not only presumed, it is glaring. The government cannot overcome it, and this factor weighs in favor of dismissal.

Once the presumption of prejudices attaches, the government has the burden to justify the delay. *See McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003) ("Numerous lower courts have, thus, held that the prosecution bears the burden of explaining delay in bringing an accused to trial. . . . We likewise hold that the prosecution bears the burden of explaining pretrial delays."); *see also United States v. Velazquez*, 749 F.3d 161, 174 (3rd Cir. 2014) (holding that a delay of 14 months is sufficient to trigger a *Barker* analysis and shifts the burden to the government to justify the delay).

Here, there is no justifiable reason for the more than two year delay in transferring Mr. Brand to face these charges. This Court should apply a general presumption of prejudice in this case, a presumption that the government must rebut, which it cannot. More importantly, the delay has greatly prejudiced Mr. Brand.

In sum, the first three *Barker* factors weigh in Mr. Brand 's favor, and the Court should find that Mr. Brand was prejudiced by the government's action (or inaction). The government cannot rebut the presumption of prejudice. Thus, the Court should dismiss the indictment based on post-indictment delay.

## V. CONCLUSION

Mr. Brand should have been charged and brought to Court to face those charges years sooner than he was. This caused him irreparable harm, and he can no longer meaningfully defend himself at trial. His constitutional rights have been violated and the Court should dismiss his case.

Mr. Brand reserves the right to respond to any arguments the government makes in rebuttal of the presumption or in opposition to the Motion. Should the Court find that additional facts are necessary to resolve the Motion, Mr. Brand respectfully requests a fact-finding hearing, as the facts relating to the government's action or inaction are

solely in the government's possession.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  August 5, 2024          By  */s/ Hannah A. Bogen*
                                   HANNAH A. BOGEN
                                   Deputy Federal Public Defender
                                   Attorneys for DAVYD GEORGE BRAND

14

# CERTIFICATE OF COMPLIANCE

I, the undersigned, counsel of record for Davyd George Brand, certifies that this brief contains 4462 words, which complies with the word limit of L.R. 11-6.1.


DATED:  August 5, 2024          By  */s/ Hannah A. Bogen*
                                    HANNAH A. BOGEN
                                    Deputy Federal Public Defender
                                    Attorney for DAVYD GEORGE BRAND

15