TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KEVIN Y. FU (Cal. Bar No. 319465)
Assistant United States Attorney
Orange County Office
     United States Attorney's Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3576
     E-mail:    Kevin.Fu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:23-CR-69-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DAVYD GEORGE BRAND |
| v. | |
| DAVYD GEORGE BRAND, | Hearing Date:  July 16, 2026 |
| Defendant. | 2:00 p.m. |

     Plaintiff United States of America, by and through its counsel of record, hereby files its sentencing position as to defendant Davyd George Brand.

     This sentencing position is based upon the attached memorandum

//

//

//

//

//

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 26, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney &
Chief, Criminal Division


*/s/ Kevin Y. Fu*
KEVIN Y. FU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Davyd George Brand (defendant) pleaded guilty to counts 1-15 and 23 of the indictment in this case, which charge him with violations of 18 U.S.C. § 912: False Impersonation of Federal Officer and Employee; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 506(a)(3): Possession of Fraudulent Seals of Departments and Agencies of the United States; and 18 U.S.C. § 1028A: Aggravated Identity Theft.

The government recommends that defendant be sentenced to 36 months' imprisonment for counts 1-10 and 41 months' imprisonment for counts 11-15, to be served concurrently.  The government also requests that defendant serve his sentence concurrently with the sentence that he is currently serving for his conviction in United States v. Davyd Brand Jimenez, case number 3:21-cr-01745-BAS, from the Southern District of California.  The government recommends that defendant be sentenced to 24 months' imprisonment for count 23, to be served consecutively to the sentence imposed in this case or that imposed in case number 3:21-cr-01745-BAS, whichever is longer.

Following his period of incarceration, the government recommends that defendant be placed on supervised release for three years, which consists of one year each for counts 1-10 and count 23, and three years on each of counts 11-15, to run concurrently under the terms recommended by the Probation Office.  The government recommends that defendant be ordered to pay $166,510 in restitution, as well as a $1,600 special assessment.

1

## II.   FACTUAL BACKGROUND

As stated in the plea agreement, from no later than in or around April 2019, and continuing to at least April 2023, defendant executed a scheme to defraud people who wanted to obtain authorization to legally remain in the United States.  Defendant falsely claimed to be a federal agent with the United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE") and would tell his victims that he could help them obtain work permits, legal United States residency, and U.S. citizenship. For his purported services, defendant charged as much as $20,000 per customer victim.

## III. THE GOVERNMENT'S POSITION

The United States Probation and Pretrial Services Office (Probation Office) calculates the total offense level in this case to be 18 and the criminal history category to be IV, which results in a guidelines range of 41 to 51 months.  (Dkt. 38 (PSR) at 11-13.)  The government agrees with the Probation Office's calculation as to the applicable guidelines range.

Defendant's offense conduct in posing as a federal officer and soliciting payments from victims is serious and undermined the federal government by suggesting that federal officers could be bribed for services.  However, defendant accepted responsibility for his actions; struggled with a traumatic and difficult childhood, as detailed in paragraphs 88-89 of the PSR; and struggles with substance abuse.  (PSR at 20-22.)  Defendant is also serving a lengthy term of imprisonment -- a 120-month sentence stemming from a drug case from the Southern District of California (case number 3:21-cr-01745-BAS). Accordingly, the government recommends that defendant be sentenced to

2

36 months' imprisonment for counts 1-10, and 41 months' imprisonment for counts 11-15, to be served concurrently with each other and concurrently with the sentence that defendant is currently serving for his conviction in United States v. Davyd Brand Jimenez, case number 3:21-cr-01745-BAS, from the Southern District of California. The government recommends that defendant be sentenced to 24 months' imprisonment for count 23, to be served consecutively to the sentence imposed in this case or that imposed in case number 3:21-cr-01745-BAS, whichever is longer.

The government requests that the Court order defendant to pay $1,600 in special assessments, as well as $166,510 in restitution, as follows:

| Victim | Amount of Restitution |
| --- | --- |
| A.M.T. | $18,475 |
| N.V.I. | $15,000 |
| J.T.A. | $12,870 |
| K.Y.G. | $13,225 |
| R.R. & K.R. | $10,700 |
| A.d.l.S. | $9,835 |
| M.E.V. | $8,670 |
| C.S. | $6,000 |
| C.R. | $11,000 |
| M.R.G.Q. | $5,000 |
| J.P.S. & J.P. | $4,945 |
| E.A. | $4,850 |
| O.P.N.R. | $4,800 |
| O. (relative is O.V.C.) | $4,365 |

3

| P.F. | $4,150 |
|---|---|
| C.G.B.L. | $4,000 |
| I.M.D.R. | $4,000 |
| M.M. | $3,790 |
| M.M.D. | $5,000 |
| I.E. | $2,880 |
| Y.M. | $2,855 |
| C.C.D. & A. | $2,600 |
| A. | $2,500 |
| K.B. & S.L. & J.R. | $5,000 |

Following his period of incarceration, the government recommends that defendant be placed on supervised release for three years, which consists of one year each for counts 1-10 and count 23, and three years on each of counts 11-15, to run concurrently under the terms recommended by the Probation Office.  (Dkt. 37 (Recommendation Letter) at 2-3.)

**IV.   CONCLUSION**

For the foregoing reasons, the government recommends that defendant be sentenced to 36 months for counts 1-10, and 41 months for counts 11-15, to be served concurrently with each other and concurrently with the sentence that defendant is currently serving for his conviction in United States v. Davyd Brand Jimenez, case number 3:21-cr-01745-BAS, from the Southern District of California. The government recommends that defendant be sentenced to 24 months for count 23, to be served consecutively to the sentence imposed in this case or that imposed in case number 3:21-cr-01745-BAS, whichever is longer.

4

Following his period of incarceration, the government recommends that defendant be placed on supervised release for three years under the terms recommended by the Probation Office.  The government recommends that defendant be ordered to pay $166,510 in restitution, as well as a $1,600 special assessment.